UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS

| | |
|---|---|
| KATHLEEN QUINN, individually and on behalf of all others similarly situated, | Case No. 20-cv-1966 |
| Plaintiff, | ELECTRONICALLY FILED ON 3/25/2020 |
| v. | **COMPLAINT – COLLECTIVE ACTION** |
| AUTO INJURY SOLUTIONS, INC., | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This is a collective action brought by individual and representative Plaintiff Kathleen Quinn ("Plaintiff"), on behalf of herself and all others similarly situated, to recover overtime pay from her employer, Auto Injury Solutions, Inc. ("AIS") ("Defendant"), and any other related entities, subsidiaries, or affiliates.

2. Plaintiff brings this action as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant as a National Nurse Reviewer, PHAD Nurse, or similar job title, during the applicable statutory period, and whose primary job was to perform medical necessity reviews. Medical necessity reviews consist of applying pre-determined criteria and guidelines to authorization requests submitted by auto insurance providers for coverage and payment purposes.

4. Plaintiff and the putative FLSA Collective routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for their overtime hours.

1

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

6. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

7. Defendant AIS is national company that offers customizable, end-to-end medical review solutions to auto insurance carriers in all 50 states for medical claims resulting from automobile accidents involving first and/or third-party injury coverage(s). Defendant operates office locations in multiple states around the country, including its principal office in Chicago, Illinois.

8. Upon information and belief, AIS' gross annual sales made or business done has been in excess of $500,000.00 at all relevant times.

9. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Plaintiff is an adult resident of Fairfield County, Connecticut. Plaintiff was employed by Defendant as a National Nurse Reviewer from approximately October 2016 to June 2019. In June 2019, Defendant transitioned Plaintiff into the position of PHAD Nurse, where she worked until October 25, 2019. Regardless of the variation in job title, Plaintiff performed the same general duties for Defendant, which consisted of performing medical necessity reviews.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

11. At all times relevant herein, AIS operated a willful scheme to deprive Plaintiff and the putative FLSA Collective of overtime compensation. Plaintiff and the putative FLSA Collective work or worked as National Nurse Reviewers, PHAD Nurses, or similar job titles, whose primary job duties consisted of performing medical necessity reviews for Defendant. Plaintiff and the putative FLSA Collective's primary job duty was non-exempt work, consisting of reviewing medical authorization requests submitted by auto insurance providers against pre-determined guidelines and criteria for coverage and payment purposes.

12. Plaintiff and the putative FLSA Collective are or were paid a salary with no overtime pay.

13. Plaintiff and the putative FLSA Collective are or were classified as exempt from federal overtime laws.

14. Defendant suffered and permitted Plaintiff and the putative FLSA Collective to work more than forty (40) hours per week without overtime pay.

15. For example, in the workweek beginning July 29, 2019, Plaintiff estimates that she worked approximately 50 hours and did not receive overtime pay for these overtime hours.

16. Defendant has been aware, or should have been aware, that Plaintiff and the putative FLSA Collective performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff and the putative FLSA Collective to work long hours, including overtime hours, to complete all of her job responsibilities and meet Defendant's productivity standards.

17. Defendant knew that Plaintiff and the putative FLSA Collective worked unpaid overtime hours because Plaintiff and the putative FLSA Collective complained about their long

hours and workload. Specifically, Plaintiff complained to her supervisor that she was required to work nine or ten hours a day to meet Defendant's production quotas.

18. Although it had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the putative FLSA Collective.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

20. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as National Nurse Reviewers, PHAD Nurses, or similarly situated individuals, primarily responsible for performing medical necessity reviews for Defendant at any time since three years prior to the filing of this Complaint.

21. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A.

22. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

23. During the applicable statutory period, Plaintiff and the putative FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

24. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the putative FLSA Collective to work excessive hours and failing to pay them overtime compensation.

25. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On Behalf of Plaintiff and the Putative FLSA Collective)**

26. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

27. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

28. Defendant suffered and permitted Plaintiff and the putative FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation.

29. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the putative FLSA Collective the required overtime compensation.

30. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative FLSA Collective have suffered and will continue to suffer a loss of income and other

damages. Plaintiff and the putative FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

31. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the putative FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and the putative FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.    For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: March 25, 2020        **POTTER BOLANOS LLC**

/s/ M. Nieves Bolanos
M. Nieves Bolaños, IL Bar No. 6299128
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 861-1800
Facsimile: (312) 861-3009 (fax)
nieves@potterlaw.org

**NICHOLS KASTER, PLLP**

/s/Reena I. Desai*
Reena I. Desai, MN Bar No. 0388311
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
rdesai@nka.com
*ptop hac vice* motion forthcoming

**Attorneys for Plaintiff and the Putative FLSA Collective**